FILED

08/05/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: PR 21-0354

Pamela D. Bucy
Chief Disciplinary Counsel
P.O. Box 1099
Helena, MT 59624-1099
(406) 442-1648
pbucy@montanaodc.org

Office of Disciplinary Counsel

BEFORE THE COMMISSION ON PRACTICE OF THE

SUPREME COURT OF THE STATE OF MONTANA

* * * * * * * * * * * * *

IN THE MATTER OF JAMES
MCCORMACK

An Inactive Attorney,

Respondent.

Supreme Court Cause No. PR 21-0354

ODC File No. 20-132

**COMPLAINT**

The Office of Disciplinary Counsel for the State of Montana ("ODC"), hereby

charges James McCormack with professional misconduct as follows:

1. James McCormack, hereinafter referred to as Respondent, was admitted to

the practice of law in the State of Montana in 2016, at which time he took the oath

required for admission, wherein he agreed to abide by the Rules of Professional

Conduct, the Disciplinary Rules adopted by the Supreme Court, and the highest

standards of honesty, justice and morality, including but not limited to, those

outlined in parts 3 and 4 of Chapter 61, Title 37, Montana Code Annotated.

*Complaint* - Page 1

2. The Montana Supreme Court has approved and adopted the Montana Rules of Professional Conduct ("MRPC"), governing the ethical conduct of attorneys licensed to practice in the State of Montana, which Rules were in effect at all times mentioned in this Complaint.

3. On March 11, 2020, Respondent pled guilty to Count I: Criminal Child Endangerment (Felony) of the State's Information filed in Montana Eleventh Judicial District Court, Flathead County, Cause No. DC 19-179.

4. . On September 18, 2020, the District Court imposed a two-year deferred sentence subject to certain terms and conditions of probation. However, due to clerical error, the judgement was not reduced to writing until March 10, 2021.

5. By Order filed August 3, 2021, the Montana Supreme Court, pursuant to Rule 23B, RLDE (2021), determined that the criminal offense of which Respondent has been convicted affects the Respondent's ability to practice law, and directed ODC to file a formal complaint against Respondent predicated upon his criminal conviction.

6. Pursuant to Rule 8A(3), RLDE, conduct which results in conviction of a criminal offense is a ground for discipline.

7. Pursuant to Rule 8.4(b), MRPC, it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

*Complaint* - Page 2

8. Pursuant to Rule 23C, RLDE, the sole issue to be determined in the formal disciplinary proceedings herein "shall be the extent of the final discipline to be imposed."

WHEREFORE, the Office of Disciplinary Counsel prays:

1. That a Citation be issued to the Respondent, to which shall be attached a copy of the complaint, requiring Respondent, within twenty-one (21) days after service thereof, to file a written answer to the complaint;

2. That a formal hearing be had on the allegations of this complaint before an Adjudicatory Panel of the Commission on the sole issue of the extent of the final discipline to be imposed upon the Respondent;

3. That the Adjudicatory Panel of the Commission make a report of its findings and recommendation after a formal hearing to the Montana Supreme Court as to the nature and extent of appropriate discipline, including an award of costs and expenses incurred in investigating and prosecuting this matter; and,

4. For such other and further relief as deemed necessary and proper.

DATED this 5th day of July, 2021.

OFFICE OF DISCIPLINARY COUNSEL

By: _Pamela D. Bucy_
Pamela D. Bucy
Chief Disciplinary Counsel

*Complaint* - Page 3